IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN D. MORALES, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| QUEENS PARK OVAL ASSET HOLDING | § | |
| TRUST and ROUNDPOINT MORTGAGE | § | |
| SERVICING CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a), Defendant, RoundPoint Mortgage Servicing Corporation ("RoundPoint"), removes this action from the 348th Judicial District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division, and as grounds for its removal respectfully shows the Court as follows:

### I.    STATE COURT ACTION

1.      On October 3, 2014, Plaintiff, John D. Morales ("**Plaintiff**"), filed his Original Petition and Application for Temporary Restraining Order in the 348th Judicial District Court of Tarrant County, Texas, styled *John D. Morales v. Queens Park Oval Asset Holding Trust and RoundPoint Mortgage Servicing Corporation* (the "**State Court Action**").

### II.    PROCEDURAL REQUIREMENTS

2.      As of the date this Notice is filed, there is no return of service on file for RoundPoint. Absent proper service of process, removal is timely under 28 U.S.C. § 1446(b).[1]

---

[1] *Murphy Bros., Inc. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 347-48 (1999); *Schwartz v. Harang*, No. H-13-0038, 2013 U.S. Dist. LEXIS 51310, at *6-7 (S.D. Tex. 2013).

3.     Simultaneous with RoundPoint's filing of this Notice, Defendant Queens Park is filing its Consent to Remove, wherein Queens Park, pursuant to 28 U.S.C. 1446(b)(2)(C) expresses its consent that this matter be removed federal court

4.     This action is properly removed to this Court as the State Court Action is pending within this district and division.[2]

5.     In accordance with 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule 81.1, this Notice of Removal is accompanied by copies of the following:

**Exhibit A**     An index of documents being filed;

**Exhibit B**     A copy of the State Court Docket Sheet;

**Exhibit C**     All documents filed in the State Court Action, including:

> **Exhibit C1**     Plaintiff's Original Petition and Application for Temporary Restraining Order, filed on October 3, 2014;

> **Exhibit C2**     Plaintiff's Amended Petition and Application for Temporary Restraining Order, also filed on October 3, 2014;

> **Exhibit C3**     Temporary Restraining Order signed by the Judge Presiding on October 3, 2014; and

> **Exhibit C4**     Citation and Return of Service concerning Queens Park dated October 9, 2014;

> **Exhibit C5**     Defendants' Original Answer, filed on March 30, 2015;

**Exhibit D**     Tarrant County Appraisal District valuation of 8036 Caladium Drive, North Richland Hills, Texas 76180; and

---

[2] 28 U.S.C. § 1441.

NOTICE OF REMOVAL

**Exhibit E**     Two copies of Certificate of Interested Persons and Rule 7.1 Disclosure Statement.

6.     RoundPoint is simultaneously filing a copy of this Notice of Removal in the 438th Judicial District Court of Tarrant County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.     FEDERAL QUESTION JURISDICTION

7.     This Court has original jurisdiction over this action because Plaintiff's claims arise under and necessarily depend on questions of federal law.[3] Specifically, Plaintiff's Amended Petition alleges that Defendants violated 12 C.F.R. 1024.41(b)(2)(A).[4]

### IV.     SUPPLEMENTAL JURISDICTION

8.     This Court also has jurisdiction over Plaintiffs' additional claims against Defendants because they are joined with the federal question claims and arise under the same case or controversy.[5] Specifically, Plaintiff's Amended Petition asserts claims for violation of the Texas Debt Collection Act and the Texas Finance code and requests a temporary restraining order and injunctive relief. Each of Plaintiff's claims and requests is based on Defendants' attempted foreclosure of a single deed of trust.[6]

### III.     DIVERSITY JURISDICTION

9.     Further, this Court has original jurisdiction over this action because there is complete diversity of the Parties, and the amount in controversy exceeds $75,000.00.[7]

**A.     Complete Diversity Exists**

---

[3] *See* 28 U.S.C. § 1331.
[4] *See* Exhibit C2, at ¶¶ 21-25.
[5] *See* 28 U.S.C. §§ 1367, 1441(c).
[6] *See* Exhibit C2.
[7] *See* 28 U.S.C. § 1332(a).

10.    This controversy is entirely between citizens of different states as required for diversity jurisdiction by 28 U.S.C. § 1332.

11.    Plaintiff is a citizen of Texas.

12.    Queens Park is a Delaware Statutory Trust is the trustee of a trust. When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.[8] U.S. Bank National Trust Association ("U.S. Bank") is the Trustee of Queens Park.  U.S. Bank is a national banking association, so its citizenship is determined by the location of its main office as set forth in its articles of association.[9] U.S. Bank's main office is in Delaware. Thus, Queens Park is a citizen of Delaware for diversity purposes.

13.    For diversity purposes, a corporation a citizen of every U.S. state in which it is incorporated and the state in which its principal place of business is located.[10] RoundPoint incorporated in Florida and has its principal place of business in North Carolina. Therefore, RoundPoint is a citizen of Florida and North Carolina for the purposes of diversity jurisdiction.

14.    Because Plaintiff is a citizen of Texas, Queens Park is a citizen of Delaware, and RoundPoint is a citizen of Florida and North Carolina, complete diversity exists.[11]

**B.    The Amount in Controversy Exceeds $75,000.00**

15.    The amount in controversy is over $75,000.00. Plaintiff's Amended Petition requests that the court grant a permanent injunction barring "any foreclosure proceedings in any form or manner by Defendant ...."[12]

---

[8] *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008).
[9] *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); *see* 28 U.S.C. § 1348.
[10] *See* 28 U.S.C. § 1332(c)(1).
[11] *See* 28 U.S.C. § 1332(a)(1).

16.    It is well settled that when declaratory or injunctive relief is sought, the amount in controversy is measured by the "value of the object of the litigation."[13] Specifically, when a party seeks to prevent foreclosure, the value of the property determines the amount in controversy, and such value may be determined by the tax assessor appraisals.[14]

17.    The Tarrant County Central Appraisal District values the subject property at $159,100.[15]

18.    Accordingly, the amount in controversy exceeds $75,000.00.

### IV.    CONCLUSION

19.    Removal of this action is proper under 28 U.S.C. §§ 1331, 1332 and 1441. This is a civil action brought in a state court, and the federal district courts have original jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United states and under 28 U.S.C. § 1332(a) because there is complete diversity and the amount in controversy exceeds $75,000.00.

20.    As a result, Defendant removes this action from the 348th Judicial District Court in Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

/s/ Jeremy J. Overbey
J. Garth Fennegan

---

[12] See Exhibit C2, at ¶ 27.
[13] Farkas v. GMAC Mortg., LLC, 737 F.3d 338, 341 (5th Cir. 2013); Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).
[14] Valadez v. Bank of America, N.A. et al., 2013 U.S. Dist. LEXIS 97092 at *5-8 (W.D. Tex. July 11, 2013); Zavala v. M&T Trust Co., 2011 U.S. Dist. LEXIS 147119 (W.D. Tex. Dec. 22, 2011).
[15] See Exhibit G.

Texas Bar I.D. 24004642
*gfennegan@settlepou.com*
Jeremy J. Overbey
Texas Bar I.D.  24046570
*joverbey@settlepou.com*
Jason M. Brown
Texas Bar I.D 24087220
*jbrown@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas  75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR ROUNDPOINT
MORTGAGE SERVICING CORPORATION

**Certificate of Service**

I certify that this document was served in accordance with the Texas Rules of Civil Procedure on April 8, 2015, by the manner indicated upon the following persons:

<u>Via CM/RRR No. 7196 9008 9111 8277 6044</u>
D. Kimberli Wallace
9500 Ray White Rd., Suite 200
Fort Worth, Texas 76244
(817) 745-4581
(817) 953-7000
kwallace@kwlawfirm.net


<u>/s/ Jeremy J. Overbey</u>
Jeremy J. Overbey

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN D. MORALES, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| QUEENS PARK OVAL ASSET HOLDING | § | |
| TRUST and ROUNDPOINT MORTGAGE | § | |
| SERVICING CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## INDEX OF EXHIBITS

Pursuant to Northern District of Texas Local Rule 81.1, Defendant, RoundPoint Mortgage Servicing Corporation, files the following exhibits in support of its Notice of Removal:

**Exhibit A**     An index of documents being filed;

**Exhibit B**     A copy of the State Court Docket Sheet;

**Exhibit C**     All documents filed in the State Court Action, including:

**Exhibit C1**     Plaintiff's Original Petition and Application for Temporary Restraining Order, filed on October 3, 2014;

**Exhibit C2**     Plaintiff's Amended Petition and Application for Temporary Restraining Order, also filed on October 3, 2014;

**Exhibit C3**     Temporary Restraining Order signed by the Judge Presiding on October 3, 2014; and

**Exhibit C4**     Citation and Return of Service concerning Queens Park dated October 9, 2014;

Exhibit A

**Exhibit C5**      Defendants' Original Answer, filed on March 30, 2015;

**Exhibit D**      Tarrant County Appraisal District valuation of 8036 Caladium Drive, North Richland Hills, Texas 76180; and

**Exhibit E**      Two copies of Certificate of Interested Persons and Rule 7.1 Disclosure Statement.

DMS-#694648-v1-Index_of_Exhibits_(Removal).docx

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil - Case and Transaction Information | 3/31/15 2:47 PM
---|---

Cause Number:    348-274854-14                                      Date Filed: 10-03-2014

JOHN D MORALES                    | VS |                QUEENS PARK OVAL ASSET
                                                          HOLDING TRUST, ET AL

Cause of Action:    OTHER CIVIL, OTHER

Case Status:    PENDING

| File Mark | Description | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|
| 10-03-2014 | ORIG PET & APPL FOR TRO | I | | 0.00 |
| 10-03-2014 | REQ FOR CITATIONS | I | | 0.00 |
| 10-03-2014 | PLTF ORIG PETITION | N A | 274.00 | |
| 10-03-2014 | COURT COST (PAID) trans #3 | Y A | | 274.00 |
| 10-03-2014 | CIT-ISSUED ON ROUNDPOINT MORTGAGE SERVICING-On 10/07/2014 | N A Svc | 8.00 | |
| 10-03-2014 | CITATION | V A Svc | 8.00 | |
| 10-03-2014 | COURT COST (PAID) trans #6 | Y A | | 8.00 |
| 10-03-2014 | COURT COST (PAID) trans #5 | Y A | | 8.00 |
| 10-03-2014 | T.R.O.-ISSUED ON QUEENS PARK OVAL ASSET HOLDING TRUST. H/R 10/17/2014 - 02:00-On 10/07/2014 | N A Svc | 8.00 | |
| 10-03-2014 | COURT COST (PAID) trans #9 | Y A | | 8.00 |
| 10-03-2014 | CIVIL CASE INFO SHEET | | | 0.00 |
| 10-03-2014 | (PROPOSED) TEMP RESTRAING ORDR | I | | 0.00 |
| 10-03-2014 | E-FILE TRANSACTION FEE | N A | 2.00 | |
| 10-03-2014 | COURT COST (PAID) trans #13 | Y A | | 2.00 |
| 10-03-2014 | AMND PET & APPLCTN FOR T.R.O. | I | | 0.00 |
| 10-03-2014 | E-FILE TRANSACTION FEE | N A | 2.00 | |

Exhibit B

| Date | Description | | | Amount | |
|---|---|---|---|---|---|
| 10-03-2014 | COURT COST (PAID) trans #16 | Y | A | | 2.00 |
| 10-03-2014 | ***T.R.O. (BOND AMT: $1000.00 - HRG: 10/17/14 @ 2:00 PM)*** | I | | | 0.00 |
| 10-06-2014 | CASH BOND --CK #2563 PER ORDER TO ACCEPT FIRM CK | Y | | | 1,000.00 |
| 10-07-2014 | CITATION | V | A Svc | -8.00 | |
| 10-07-2014 | CIT Sec of St-ISSUED ON QUEENS PARK OVAL ASSET HOLDING TRUST-On 10/07/2014 | N | A Svc | 8.00 | |
| 10-07-2014 | Registry Investment | Y | | | -1,000.00 |
| 10-09-2014 | T.R.O., SEC OF St-ISSUED ON QUEENS PARK OVAL ASSET HOLDING TRUST. H/R 10/17/2014 - 02:00-On 10/09/2014 | N | Svc | 8.00 | |
| 10-09-2014 | COURT COST (PAID) trans #23 | Y | | | 8.00 |
| 10-13-2014 | RETURNED CIT ON: QUEENS PARK OVAL ASSET HOLDING TR | I | | | 0.00 |
| 10-13-2014 | E-FILE TRANSACTION FEE | N | | 2.00 | |
| 10-13-2014 | COURT COST (PAID) trans #26 | Y | | | 2.00 |
| 10-13-2014 | CIT Sec of St Tr# 21 RET EXEC(QUEENS PARK OVAL ASS ET HOLDING TRUST) On 10/09/2014 | I | | | 0.00 |
| 10-14-2014 | (DUP)RET CIT ON: QUEENS PARK OVAL ASSET HOLDING TR | I | | | 0.00 |
| 10-14-2014 | E-FILE TRANSACTION FEE | N | | 2.00 | |
| 10-14-2014 | COURT COST (PAID) trans #30 | Y | | | 2.00 |
| 10-16-2014 | RET TRO ON : QUEENS PARK OVAL ASSET HOLDING TRUST | I | | | 0.00 |
| 10-16-2014 | E-FILE TRANSACTION FEE | N | A | 2.00 | |
| 10-16-2014 | COURT COST (PAID) trans #33 | Y | A | | 2.00 |
| 10-16-2014 | T.R.O., SEC OF ST Tr# 23 RET EXEC(QUEENS PARK OVAL ASSET HOLDING TRUST) On 10/13/2014 | I | | | 0.00 |
| 02-19-2015 | **ORDER OF INTENT TO DWOP(HRG 4-2-15/8:30AM)** | I | M | | 0.00 |
| 03-30-2015 | (ORIG ANS) DEFNS QUEENS PARK OVAL ASSET HOLDING TRUST & ROUNDPOINT MORTGAGE SRVICING CORPORATION | I | | | 0.00 |
| 03-30-2015 | E-FILE TRANSACTION FEE | N | | 2.00 | |

Tarrant County - Civil

| | | | |
|---|---|---|---|
| 2015 | | | |
| 03-30-2015 | COURT COST (PAID) trans #38 | Y | 2.00 |

**District Clerk's Office**

Tim Curry Justice Center

401 West Belknap, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

FILED
TARRANT COUNTY
10/3/2014 12:56:26 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. <u>348-274854-14</u>

| | | |
|---|---|---|
| JOHN D. MORALES | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | _____ JUDICIAL DISTRICT |
| QUEENS PARK OVAL ASSET | § | |
| HOLDING TRUST AND | § | |
| ROUNDPOINT MORTGAGE | § | |
| SERVICING CORPORATION | § | |
| | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

## ORIGINAL PETITION AND
## APPLICATION FOR TEMPORARY RESTRAINING ORDER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, John D. Morales, who files this Original Petition, in the interest of justice and fairness, and for causes of action and violations complained of as stated herein.

### DISCOVERY CONTROL PLAN LEVEL

1.      Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery in this case under Level 3.

### PARTIES AND SERVICE

2.      Plaintiff, John D. Morales is an individual who owns real property at 8036 Caladium Dr., North Richland Hills, TX 76180.  John D. Morales is hereinafter referred to as he, him or "Plaintiff".

3.      Defendant, QUEENS PARK OVAL ASSET HOLDING TRUST ("Queens"), is a foreign entity, doing business under the laws of the State of Texas but no registration can be found with the Secretary of State of the State of Texas. Service of

---

ORIGINAL PETITION AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER

PAGE 1

 Exhibit C

348-274854-14

process on Defendant may be effected pursuant to Sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving The Secretary of State of Texas at P.O. Box 12079, Austin, Texas 78711 to be delivered to Queen's Park Oval Asset Holding Trust c/o U.S. Bank Trust National Association at 300 Delaware Avenue, 9th Floor, Wilimington, Delaware, 19801.

4.     Defendant, ROUNDPOINT MORTGAGE SERVICING CORPORATION ("RoundPoint"), is a foreign entity, doing business under the laws of the State of Texas but no registration can be found with the Secretary of State of the State of Texas. Service of process on Defendant may be effected pursuant to Sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving Corporation Service Company dba CSC – Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

## JURISDICTION AND VENUE

5.     The subject matter in controversy is within the jurisdictional limits of this Court.

6.     This Court has personal jurisdiction because the property which is the subject of this litigation is located in Texas and Defendants are doing business within this state.

7.     Venue in this cause is proper in Tarrant County, Texas pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.001 of the Texas Civil Practice and Remedies Code because this action involves real property, and the property is located in Tarrant County, Texas.

ORIGINAL PETITION AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER

PAGE 2

348-274854-14

## FACTS

8.     Plaintiff is the current record owner of the property located at 8036 Caladium Drive, North Richland Hills, TX  76180 and more accurately described as:

LOT 24, BLOCK D OF HOME TOWN NRH WEST-PHASE 3, AN ADDITION, TO THE CITY OF NORTH RICHLAND HILLS, TARRANT COUNTY, TEXAS ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET A, SLIDE 10054 OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS (the "*Property*").

9.     Plaintiff signed a Promissory Note in order to purchase the Property on or about March 27, 2008 for the amount of One Hundred Forty Eight Thousand Eighty and no/Dollars ($148,080.00).   The copies of at least one such Promissory Note show Cendera Funding, Inc. as the original mortgagee ("*Original Mortgagee*").

10.     The Note is secured by that certain Deed of Trust dated of same date, executed by Plaintiff and delivered to Thomas F. Vetters, as Trustee ("Deed of Trust") on behalf of Original Mortgagee.

11.     The public record of Tarrant County, Texas does not show any assignment, transfer or conveyance of the Deed of Trust to Queens.

12.     Plaintiff has now received correspondence from Defendants threatening to foreclose on his home and such foreclosure is to be effected by a substitute trustee other than the above named Trustee.

13.     The Notice of Substitute Trustee's Sale which was posted with the Tarrant County Clerk for the sale of the Property identifies the Current Mortgagee as Queens, however, a review of the public records of Tarrant County, Texas does not reflect any assignment, transfer or conveyance of the Deed of Trust to Queens.

---

ORIGINAL PETITION AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER

PAGE 3

348-274854-14

14.     As there is no assignment of the Deed of Trust executed and filed of record from Original Mortgagee to Queens it appears that there is no public record available at the time of the notice to Plaintiff of Defendants' intentions of selling the property at the October 7, 2014 foreclosure sale showing that Defendant who has initiated the foreclosure sale has any authority to conduct such sale on behalf of Original Mortgagee.

15.     Plaintiff does not know how or when Defendant obtained the right to collect his mortgage payments.   Plaintiff does not know who Defendant is, and does not believe they own the mortgage. *There is ambiguity over who the holder of the note is.*

16.     Plaintiff was in the process of obtaining a loan modification from an entity by the name of Flagstar Bank in early 2013.   While this loan modification was in process, Plaintiff was informed that the Deed of Trust had been assigned to Defendant and that RoundPoint Mortgage would be the servicer of Plaintiffs loan.  So Plaintiff then had to start the loan modification process all over again in May of 2014.

17.     Many months have passed and Plaintiff has not received a denial or an approval of the loan modification.   Plaintiff was informed that his loan modification was under review.

18.     Plaintiff has the funds to make monthly payments but was told not to submit funds since the loan modification was in review.   This modification review was still in underwriting when Defendant posted Plaintiff's Property for foreclosure.

19.  The Deed of Trust gives Plaintiff an opportunity to reinstate his loan, however, by not giving Plaintiff a notice that the loan modification had been denied, or

348-274854-14

given him a reinstatement amount, Defendant took this right away from Plaintiff. This is a breach of the Deed of Trust by Defendant.

## VIOLATION OF 12 CFR SECTION 1024.41

20.    Plaintiff incorporates by reference the allegations set forth above, as if the same were fully set forth herein.

21.    Section 1024.41 of 12 CFR requires a servicer in receipt of a loss mitigation application within 45 days or more before a foreclosure sale to review the application to determine if it is complete.  12 CFR Section 1024.41(b)(2)(A).  The Servicer must then notify the borrower within 5 days of receiving the loss mitigation application that the servicer acknowledges receipt of the application and that the servicer has determined that the application is either complete or incomplete.  12 CFR 1024.41(b)(2)(B).  If the application is incomplete, the servicer must identify the additional documents and information needed.  12 CFR 1024.41(b)(2)(B).  The Servicer must then provide the borrower within 30 days of receipt of the application with written notice stating the servicer's determination as to which loss mitigation option is available to the borrower.  12 CFR 1024.41(c)(1)(ii).  Further, if the borrower had applied for a loan modification and the servicer denies the request, the servicer must include in the notice describer by 12 CFR Section 1024.41(c)(1)(ii) the specific reason or reasons for the servicer's determination.  12 CFR Section 1024.41(d). Finally loan modifications denials are appealable.  12 CFR Section 1024.41(h).

22.    Plaintiff submitted a loan modification application with Defendant, which is a loss mitigation application as understood by 12 CFR Section 1024.41(b).  Yet Defendant has failed to complete with 12 CFR Section 1024.41 and has specifically

---

ORIGINAL PETITION AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER

PAGE 5

348-274854-14

failed to give Plaintiff the notice required by 12 CFR Section 1024.41(c)(1)(ii). Consequently, Defendant does not have the authority to execute any foreclosure sale against Plaintiff's Property until it has satisfied the requirements of 12 CFR Section 1024.41.

23.     The provisions of 12 CFR Section 1024.41 are not merely a defense to foreclosure but are actionable under 12 USC 2605(f), which in turn allows for the recovery of actual damages, court costs, statutory damages of up to $2000, and attorney fees.

24.     In addition, Plaintiffs were not given proper notice pursuant to the statutory requirement of the Texas Debt Collection Act.  The Texas Debt Collection Act requires that a debtor be given at least 30 days to request and obtain verification of the debt prior to any notice of foreclosure proceedings on a debtor's homestead.  Defendant did not provide such notice to Plaintiffs.

## AGENCY AND RESPONDEAT SUPERIOR

25.     Whenever in this petition it is alleged that Defendant, did, or failed to do, any act, thing and/or omission, it is meant that Defendant itself or its agents, officers, servants, employees, vice principals, or representatives either did or failed to do such act, thing and/or omission, and it was done with the full authorization or ratification of Defendant, and/or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, vice principals, or representatives and/or with actual and/or apparent authority of Defendant.

ORIGINAL PETITION AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER

PAGE 6

348-274854-14

## PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF

26.    In part because Plaintiff will otherwise be irreparably harmed without an adequate remedy at law, Plaintiff seeks injunctive relief to bar any transfer of any interest of his homestead.  Plaintiff which is at issue in this suit, seeks to bar any foreclosure proceedings in any form or manner by Defendant or otherwise, to stay any proceeding in any other Court to seek foreclosure of the Property or possession of the Property by or for Defendant.  The Property is Plaintiff's residential homestead, and Plaintiff will be irreparably injured without adequate remedy at law if the foreclosure is permitted to take place and the Plaintiff's use and enjoyment of the Property is impaired, or if Plaintiff is further threatened with eviction or evicted.  Subsequent recovery by Plaintiff is probable, in view of the factual and legal substance, and the number and size of the claims he makes, the possibility of doubling or tripling of some damages, and his recovery of fees and costs.  The risk to Defendant associated with issuance of a Temporary Restraining Order and/or permanent injunction is truly minimal, and issuance of such an order would be in the public interest and specifically in the interest of the integrity of the banking and home lending system that the Texas Legislature and the Congress have addressed in numerous statutes.  It would be in the public interest that parties are not permitted to seek foreclosure of claimed liens against Property in circumstances where there have been substantial and numerous violations of applicable law.

## DAMAGES FOR PLAINTIFF

27.    Plaintiff seeks all statutory damages, including double or treble damages, which are awardable to him under each and every of the herein cited statutes and/or

ORIGINAL PETITION AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER

348-274854-14

constitutional provisions.   Plaintiff also sues for his actual damages, and for his reasonable and necessary attorney fees and costs of court under each and every applicable claim at common law and under a cited statute and statutes into which each such statute may be incorporated, respectively.  Plaintiff's damages are in each respect in excess of the minimum jurisdictional limits of this Court.  Plaintiff seeks damages less than $100,000 and non-monetary relief.

28.     Plaintiff seeks exemplary damages for Defendant's wrongful conduct in violation of various state laws, which Defendant violated knowingly or with reckless disregard for such law, in an amount to be determined as fair and reasonable by the trier of fact.

## REQUEST FOR DISCLOSURE

29.     This Petition includes Plaintiff's Request for Disclosure to the named Defendant.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 50 days of service of this request, the information or material described in rules 194.2(a)-(l).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that the Court immediately issue a Temporary Restraining Order against Defendant to bar any foreclosure or forcible detainer proceedings in any form or manner by Defendant or otherwise of the Property.

Further, Plaintiff respectfully prays that upon a final trial, the Court:

---

ORIGINAL PETITION AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER

PAGE 8

348-274854-14

a.      Enter judgment in favor of Plaintiff for statutory damages, costs, and attorney fees as provided by Tex. Fin. Code Ann. Sections 392.403 and 392.404;

b.      Award Plaintiff compensatory damages as allowed by law;

c.      Award Plaintiff exemplary damages as allowed by law;

d.      Award Plaintiff pre-judgment and post-judgment interest as allows by law;

e.      Award Plaintiff his reasonable and necessary attorney fees and costs; and

f.      Such other and further relief to which Plaintiff may be justly entitled.


Respectfully submitted,
D. KIMBERLI WALLACE, PLLC


*/s/ D. Kimberli Wallace*
D. Kimberli Wallace
Texas Bar No. 00792901
9500 Ray White Rd., Suite 200
Fort Worth, Texas  76244
Tel. (817) 745-4581
Fax (817) 953-7000
Email: kwallace@kwlawfirm.net
Attorney for Plaintiff

---

ORIGINAL PETITION AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER

PAGE 9

348-274854-14

## CERTIFICATE OF COMPLIANCE

Comes now, D. Kimberli Wallace, attorney of record for Plaintiff in the above-entitled and numbered cause and states as follows:

I have contacted the party against whom relief is sought ex parte, Trustee Corps, and notified them of the application for a temporary restraining order and they have stated that they do not wish to be heard.

Dated: October 2, 2014

Respectfully submitted,

**_D. Kimberli Wallace_**
D. Kimberli Wallace
Attorney for Plaintiff

348-274854-14

## VERIFICATION

STATE OF TEXAS                              §
                                           §
COUNTY OF ___Tarrant___                    §

BEFORE     ME,     the     undersigned     authority,     personally     appeared

___John D. Moore___, who, on oath, and has stated to me that he/she has read the

statements made in the foregoing Original Petition and the portions that constitute an

application for temporary restraining order and every statement of fact contained in the

petition that is averred to be true and correct from his/her personal knowledge.

Name: _____

STATE OF TEXAS

COUNTY OF _____

SUBSCRIBED AND SWORN TO BEFORE ME on this the ____ day of

_____ 2014, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

BUDDY VOTH
Notary Public, State of Texas
My Commission Expires
October 08, 2016

348-274854-14

FILED
TARRANT COUNTY
10/3/2014 2:20:25 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 348-274854-14

| | | |
|---|---|---|
| JOHN D. MORALES | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | 348TH JUDICIAL DISTRICT |
| QUEENS PARK OVAL ASSET | § | |
| HOLDING TRUST AND | § | |
| ROUNDPOINT MORTGAGE | § | |
| SERVICING CORPORATION | § | |
| | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

### AMENDED PETITION AND
### APPLICATION FOR TEMPORARY RESTRAINING ORDER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, John D. Morales, who files this Amended Original Petition, in the interest of justice and fairness, and for causes of action and violations complained of as stated herein.

### DISCOVERY CONTROL PLAN LEVEL

1.      Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery in this case under Level 3.

### PARTIES AND SERVICE

2.      Plaintiff, John D. Morales is an individual who owns real property at 8036 Caladium Dr., North Richland Hills, TX 76180. John D. Morales is hereinafter referred to as he, him or "Plaintiff".

3.      Defendant, QUEENS PARK OVAL ASSET HOLDING TRUST ("Queens"), is a foreign entity, doing business under the laws of the State of Texas but no registration can be found with the Secretary of State of the State of Texas. Service of

---

ORIGINAL PETITION AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER

PAGE 1

348-274854-14

process on Defendant may be effected pursuant to Sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving The Secretary of State of Texas at P.O. Box 12079, Austin, Texas 78711 to be delivered to Queen's Park Oval Asset Holding Trust c/o U.S. Bank Trust National Association at 300 Delaware Avenue, 9th Floor, Wilimington, Delaware, 19801.

4.     Defendant, ROUNDPOINT MORTGAGE SERVICING CORPORATION ("RoundPoint"), is a foreign entity, doing business under the laws of the State of Texas but no registration can be found with the Secretary of State of the State of Texas. Service of process on Defendant may be effected pursuant to Sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving Corporation Service Company dba CSC – Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.


## JURISDICTION AND VENUE

5.     The subject matter in controversy is within the jurisdictional limits of this Court.

6.     This Court has personal jurisdiction because the property which is the subject of this litigation is located in Texas and Defendants are doing business within this state.

7.     Venue in this cause is proper in Tarrant County, Texas pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.001 of the Texas Civil Practice and Remedies Code because this action involves real property, and the property is located in Tarrant County, Texas.

---

ORIGINAL PETITION AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER

PAGE 2

348-274854-14

## FACTS

8.     Plaintiff is the current record owner of the property located at 8036 Caladium Drive, North Richland Hills, TX 76180 and more accurately described as:

LOT 24, BLOCK D OF HOME TOWN NRH WEST-PHASE 3, AN ADDITION, TO THE CITY OF NORTH RICHLAND HILLS, TARRANT COUNTY, TEXAS ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET A, SLIDE 10054 OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS (the "*Property*").

9.     Plaintiff signed a Promissory Note in order to purchase the Property on or about March 27, 2008 for the amount of One Hundred Forty Eight Thousand Eighty and no/Dollars ($148,080.00).   The copies of at least one such Promissory Note show Cendera Funding, Inc. as the original mortgagee ("*Original Mortgagee*").

10.     The Note is secured by that certain Deed of Trust dated of same date, executed by Plaintiff and delivered to Thomas F. Vetters, as Trustee ("Deed of Trust") on behalf of Original Mortgagee.

11.     The public record of Tarrant County, Texas does not show any assignment, transfer or conveyance of the Deed of Trust to Queens.

12.     Plaintiff has now received correspondence from Defendants threatening to foreclose on his home and such foreclosure is to be effected by a substitute trustee other than the above named Trustee.

13.     The Notice of Substitute Trustee's Sale which was posted with the Tarrant County Clerk for the sale of the Property identifies the Current Mortgagee as Queens, however, a review of the public records of Tarrant County, Texas does not reflect any assignment, transfer or conveyance of the Deed of Trust to Queens.

---

ORIGINAL PETITION AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER

PAGE 3

348-274854-14

14.    As there is no assignment of the Deed of Trust executed and filed of record from Original Mortgagee to Queens it appears that there is no public record available at the time of the notice to Plaintiff of Defendants' intentions of selling the property at the October 7, 2014 foreclosure sale showing that Defendant who has initiated the foreclosure sale has any authority to conduct such sale on behalf of Original Mortgagee.

15.    Plaintiff does not know how or when Defendant obtained the right to collect his mortgage payments.   Plaintiff does not know who Defendant is, and does not believe they own the mortgage. *There is ambiguity over who the holder of the note is.*

16.    Plaintiff was in the process of obtaining a loan modification from an entity by the name of Flagstar Bank in early 2013.   While this loan modification was in process, Plaintiff was informed that the Deed of Trust had been assigned to Defendant and that RoundPoint Mortgage would be the servicer of Plaintiffs loan.  So Plaintiff then had to start the loan modification process all over again in May of 2014.

17.    Many months have passed and Plaintiff has not received a denial or an approval of the loan modification.   Plaintiff was informed that his loan modification was under review.

18.    Plaintiff has the funds to make monthly payments but was told not to submit funds since the loan modification was in review.   This modification review was still in underwriting when Defendant posted Plaintiff's Property for foreclosure.

19.  The Deed of Trust gives Plaintiff an opportunity to reinstate his loan, however, by not giving Plaintiff a notice that the loan modification had been denied, or

348-274854-14

given him a reinstatement amount, Defendant took this right away from Plaintiff. This is a breach of the Deed of Trust by Defendant.

20. Plaintiff has now received correspondence from Defendant that they will foreclose on his home on October 7, 2014.

## VIOLATION OF 12 CFR SECTION 1024.41

21. Plaintiff incorporates by reference the allegations set forth above, as if the same were fully set forth herein.

22. Section 1024.41 of 12 CFR requires a servicer in receipt of a loss mitigation application within 45 days or more before a foreclosure sale to review the application to determine if it is complete. 12 CFR Section 1024.41(b)(2)(A). The Servicer must then notify the borrower within 5 days of receiving the loss mitigation application that the servicer acknowledges receipt of the application and that the servicer has determined that the application is either complete or incomplete. 12 CFR 1024.41(b)(2)(B). If the application is incomplete, the servicer must identify the additional documents and information needed. 12 CFR 1024.41(b)(2)(B). The Servicer must then provide the borrower within 30 days of receipt of the application with written notice stating the servicer's determination as to which loss mitigation option is available to the borrower. 12 CFR 1024.41(c)(1)(ii). Further, if the borrower had applied for a loan modification and the servicer denies the request, the servicer must include in the notice describer by 12 CFR Section 1024.41(c)(1)(ii) the specific reason or reasons for the servicer's determination. 12 CFR Section 1024.41(d). Finally loan modifications denials are appealable. 12 CFR Section 1024.41(h).

348-274854-14

23.     Plaintiff submitted a loan modification application with Defendant, which is a loss mitigation application as understood by 12 CFR Section 1024.41(b).   Yet Defendant has failed to complete with 12 CFR Section 1024.41 and has specifically failed to give Plaintiff the notice required by 12 CFR Section 1024.41(c)(1)(ii). Consequently, Defendant does not have the authority to execute any foreclosure sale against Plaintiff's Property until it has satisfied the requirements of 12 CFR Section 1024.41.

24.     The provisions of 12 CFR Section 1024.41 are not merely a defense to foreclosure but are actionable under 12 USC 2605(f), which in turn allows for the recovery of actual damages, court costs, statutory damages of up to $2000, and attorney fees.

25.     In addition, Plaintiffs were not given proper notice pursuant to the statutory requirement of the Texas Debt Collection Act.   The Texas Debt Collection Act requires that a debtor be given at least 30 days to request and obtain verification of the debt prior to any notice of foreclosure proceedings on a debtor's homestead.   Defendant did not provide such notice to Plaintiffs.

## AGENCY AND RESPONDEAT SUPERIOR

26.     Whenever in this petition it is alleged that Defendant, did, or failed to do, any act, thing and/or omission, it is meant that Defendant itself or its agents, officers, servants, employees, vice principals, or representatives either did or failed to do such act, thing and/or omission, and it was done with the full authorization or ratification of Defendant, and/or done in the normal routine, course and scope of the agency or

---

ORIGINAL PETITION AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER

PAGE 6

348-274854-14

employment of Defendant or its agents, officers, servants, employees, vice principals, or representatives and/or with actual and/or apparent authority of Defendant.

## PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF

27.    In part because Plaintiff will otherwise be irreparably harmed without an adequate remedy at law, Plaintiff seeks injunctive relief to bar any transfer of any interest of his homestead.  Plaintiff which is at issue in this suit, seeks to bar any foreclosure proceedings in any form or manner by Defendant or otherwise, to stay any proceeding in any other Court to seek foreclosure of the Property or possession of the Property by or for Defendant.  The Property is Plaintiff's residential homestead, and Plaintiff will be irreparably injured without adequate remedy at law if the foreclosure is permitted to take place and the Plaintiff's use and enjoyment of the Property is impaired, or if Plaintiff is further threatened with eviction or evicted.  Subsequent recovery by Plaintiff is probable, in view of the factual and legal substance, and the number and size of the claims he makes, the possibility of doubling or tripling of some damages, and his recovery of fees and costs.  The risk to Defendant associated with issuance of a Temporary Restraining Order and/or permanent injunction is truly minimal, and issuance of such an order would be in the public interest and specifically in the interest of the integrity of the banking and home lending system that the Texas Legislature and the Congress have addressed in numerous statutes.  It would be in the public interest that parties are not permitted to seek foreclosure of claimed liens against Property in circumstances where there have been substantial and numerous violations of applicable law.

ORIGINAL PETITION AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER

PAGE 7

348-274854-14

## DAMAGES FOR PLAINTIFF

28.     Plaintiff seeks all statutory damages, including double or treble damages, which are awardable to him under each and every of the herein cited statutes and/or constitutional provisions.   Plaintiff also sues for his actual damages, and for his reasonable and necessary attorney fees and costs of court under each and every applicable claim at common law and under a cited statute and statutes into which each such statute may be incorporated, respectively.  Plaintiff's damages are in each respect in excess of the minimum jurisdictional limits of this Court.  Plaintiff seeks damages less than $100,000 and non-monetary relief.

29.     Plaintiff seeks exemplary damages for Defendant's wrongful conduct in violation of various state laws, which Defendant violated knowingly or with reckless disregard for such law, in an amount to be determined as fair and reasonable by the trier of fact.

## REQUEST FOR DISCLOSURE

30.     This Petition includes Plaintiff's Request for Disclosure to the named Defendant.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 50 days of service of this request, the information or material described in rules 194.2(a)-(l).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that the Court immediately issue a Temporary Restraining Order against Defendant to bar any foreclosure or forcible

ORIGINAL PETITION AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER

348-274854-14

detainer proceedings in any form or manner by Defendant or otherwise of the Property.

Further, Plaintiff respectfully prays that upon a final trial, the Court:

a.    Enter judgment in favor of Plaintiff for statutory damages, costs, and attorney fees as provided by Tex. Fin. Code Ann. Sections 392.403 and 392.404;

b.    Award Plaintiff compensatory damages as allowed by law;

c.    Award Plaintiff exemplary damages as allowed by law;

d.    Award Plaintiff pre-judgment and post-judgment interest as allows by law;

e.    Award Plaintiff his reasonable and necessary attorney fees and costs; and

f.    Such other and further relief to which Plaintiff may be justly entitled.


Respectfully submitted,
D. KIMBERLI WALLACE, PLLC

*/s/ D. Kimberli Wallace*
D. Kimberli Wallace
Texas Bar No. 00792901
9500 Ray White Rd., Suite 200
Fort Worth, Texas  76244
Tel. (817) 745-4581
Fax (817) 953-7000
Email: kwallace@kwlawfirm.net
Attorney for Plaintiff

---

ORIGINAL PETITION AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER

PAGE 9

348-274854-14

## CERTIFICATE OF COMPLIANCE

Comes now, D. Kimberli Wallace, attorney of record for Plaintiff in the above-entitled and numbered cause and states as follows:

I have contacted the party against whom relief is sought ex parte, Trustee Corps, and notified them of the application for a temporary restraining order and they have stated that they do not wish to be heard.

Dated: October 2, 2014

Respectfully submitted,

*D. Kimberli Wallace*
D. Kimberli Wallace
Attorney for Plaintiff

348-274854-14

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF Tarrant | § |

BEFORE ME, the undersigned authority, personally appeared John D. Morales, who, on oath, and has stated to me that he/she has read the statements made in the foregoing Original Petition and the portions that constitute an application for temporary restraining order and every statement of fact contained in the petition that is averred to be true and correct from his/her personal knowledge.

Name: _____

STATE OF TEXAS

COUNTY OF _____

SUBSCRIBED AND SWORN TO BEFORE ME on this the ___ day of September, 2014, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

BUDDY YOTH
Notary Public, State of Texas
My Commission Expires
October 08, 2016

FILED
TARRANT COUNTY
10/3/2014 12:56:26 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____
348-274854-14

| | | |
|---|---|---|
| JOHN D. MORALES | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | |
| | § | 348th JUDICIAL DISTRICT |
| | § | |
| QUEENS PARK OVAL ASSET | § | |
| HOLDING TRUST AND | § | |
| ROUNDPOINT MORTGAGE | § | |
| SERVICING CORPORATION | § | |
| | § | |
| **Defendant.** | § | **TARRANT COUNTY, TEXAS** |

## <u>TEMPORARY RESTRAINING ORDER</u>

The Motion of **JOHN D. MORALES**, the Plaintiff in the above Cause Number, for a Temporary Restraining Order came to be heard ~~ex parte~~. The said Plaintiff, appeared by attorney of record and the matter was taken under submission by the Court. The Court after due consideration finds and determines, having examined the complaint of the Plaintiff, that the Plaintiff is entitled to a Temporary Restraining order and that unless Defendant, **QUEENS PARK OVAL ASSET HOLDING TRUST** (*"Defendant"*) is immediately restrained from the commission of the acts hereinafter prohibited, Defendant will commit such acts before notice of the hearing on temporary injunction can be served and a hearing had.

**IT IS THEREFORE ORDERED** that Defendant is hereby immediately restrained from:

1) Exercising, conducting or proceeding on any foreclosure sale, transfer or conveyance of the Property (as defined herein) from the date of entry of this order until further order of this Court.

2) Directing or assisting in taking possession LOT 24, BLOCK D OF HOME TOWN NRH WEST-PHASE 3, AN ADDITION, TO THE CITY OF NORTH RICHLAND HILLS, TARRANT COUNTY, TEXAS ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET A, SLIDE 10054 OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS **also more commonly known as** 8036 Caladium Drive, North Richland Hills, TX 76180 (*"Property"*).

This Restraining Order is effective immediately and shall continue in force and effect until further order of this Court or until it expires by operation of law.

Temporary Restraining Order                                                                                          1

*\* Pursuant to the "Certificate of Compliance,"*
*Defendant did not wish to be heard.* (initials)

Court's Minutes
Transaction # 18



**E-MAILED**
10/6/14

348-274854-14

This Order shall not be effective unless and until Plaintiff executes and files with the Clerk a bond, in conformity with the law in the amount of _one thousand and no/100_ Dollars ($ _1000⁰⁰_ )—posting of same via Counsel's check is acceptable.

**IT IS FURTHER ORDERED** that the Clerk shall issue notice to Defendant and Defendant is hereby ORDERED to appear with this Court at 401 W. Belknap, Fort Worth, Texas on _October 17_, 2014, at _2:00_ o'clock _p_.m.. The purpose of the hearing is to determine whether, during the pendency of this case:

1)   The preceding Temporary Restraining Order should be made a Temporary Injunction    pending final hearing.

2)   The Court should make such other and further orders respecting the Property as may be deemed necessary and equitable.

SIGNED this _3 rd_ day of _October_, 2014, at _5:45_ o'clock _p_.m

_____
JUDGE PRESIDING

Respectfully submitted,

**_D. Kimberli Wallace_**
D. Kimberli Wallace
Texas Bar No. 00792901
D. Kimberli Wallace, PLLC
9500 Ray White Rd., Suite 200
Fort Worth, TX 76244
Tel. (817) 745-4581
Fax. (817) 953-7000
EMAIL: Kwallace@kwlawfirm.net
Attorney for Plaintiff

Temporary Restraining Order                                                                 2

348-274854-14

THE STATE OF TEXAS         **ORIGINAL**
DISTRICT COURT, TARRANT COUNTY

*CITATION*      *Cause No.* 348-274854-14

FILED
TARRANT COUNTY
10/13/2014 12:24:49 PM
THOMAS A. WILDER
DISTRICT CLERK

JOHN D MORALES

VS.

QUEENS PARK OVAL ASSET HOLDING TRUST, ET AL

To and through the Secretary Of State, Statutory Documents Section, PO Box 12079, Austin TX 78711-2079
TO: QUEENS PARK OVAL ASSET HOLDING TRUST

C/O US BANK TRUST NATIONAL ASSOCIATION 300 DELAWARE AVE 9TH FL WILIMINGTON, 19801-

SERVICE OF PROCESS MAY BE HAD UPON DEFENDANT BY DELIVERING TO THE SECRETARY OF STATE, OF THE STATE OF TEXAS, DUPLICATE
COPIES OF THIS CITATION TOGETHER WITH DUPLICATE COPIES OF THE PLAINTIFF'S PETITION ATTACHED HERETO.
You said DEFENDANT are hereby commanded to appear by filing a written answer to the ORIGINAL PETITION AND APPLICATION
FOR TEMPORARY RESTRAINING ORDER at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 348th District Court
,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

JOHN D MORALES

Filed in said Court on October 3rd, 2014 Against
QUEENS PARK OVAL ASSET HOLDING TRUST, ROUNDPOINT MORTGAGE SERVICING CORPORATION

For suit, said suit being numbered 348-274854-14 the nature of which demand is as shown on said
ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER a copy of which accompanies this citation.

D KIMBERLI WALLACE
Attorney for JOHN D MORALES Phone No. (817)745-4581
Address     9500 RAY WHITE RD STE 200 FT WORTH, TX 76244

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 7th day of October, 2014.

By _____ Deputy
KIMBERLY KRUMLAND

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

---

OFFICER'S RETURN

Received this Citation on the _7th_ day of _OCT._ _2014_ at _12_ o'clock _P_ M; and executed at
_PO BOX 12079 AUSTIN TX_ within the county of _TRAVIS_ , State of _TX_ at _12:00_ o'clock _P_ M
on the _9th_ day of _OCT_ _2014_ by delivering to the within named (Def.) _QUEENS PARK OVAL ASSET_
defendant(s), a true copy of this Citation together with the accompanying copy of ORIGINAL PETITION AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER, having first endorsed on same the date of delivery _HOLDING TRUST BY DELIVERING_
_TO SECRETARY OF STATE TEXAS VIA_
_CERT MAIL (printed)_

Authorized Person/Constable/Sheriff: _C.V. Fore SCH #168 (7-31-17)_
County of _TARRANT_ State of _TX_ By _____ Deputy

Fees $ _____
State of _TEXAS_ County of _TARRANT_ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _C.V. Fore_ before me this _13th_ day of _OCT 2014_
to certify which witness my hand and seal of office _Lorraine M. Robinson_
County of _TARRANT_ , State of _TX_

Lorraine M Robinson
My Commission Expires
12/19/2015
NOTARY PUBLIC STATE OF TEXAS

**Exhibit C** 4

## CITATION

Cause No. 348-274854-14

JOHN D MORALES

VS.

QUEENS PARK OVAL ASSET
HOLDING TRUST, ET AL

ISSUED

This 7th day of October, 2014

Thomas A. Wilder
Tarrant County District Clerk
401 W BELKNAP
FORT WORTH TX 76196-0402

By        KIMBERLY KRUMLAND Deputy

D KIMBERLI WALLACE
Attorney for: JOHN D MORALES
Phone No. (817)745-4581
ADDRESS: 9500 RAY WHITE RD STE 200

FT WORTH, TX 76244

## CIVIL LAW



*34827485414000021*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

348-274854-14

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

:cretary of State of Texas
tn: Statutory Docs Section
PO Box 12079
: Austin, TX 78711

7012 3460 0003 4564 1800

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

PS Form 3811, July 2013     Domestic Return Receipt

348-274854-14

FILED
TARRANT COUNTY
3/30/2015 4:27:56 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-274854-14

| | | |
|---|---|---|
| JOHN D. MORALES, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 348TH JUDICIAL DISTRICT |
| | § | |
| QUEENS PARK OVAL ASSET HOLDING | § | |
| TRUST AND ROUNDPOINT | § | |
| MORTGAGE SERVICING | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | TARRANT COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

Defendants, Queens Park Oval Asset Holding Trust ("Queens Park") and Roundpoint Mortgage Servicing Corporation ("Roundpoint") (collectively, "Defendants"), file their Original Answer to Plaintiff's Amended Petition and Application for Temporary Restraining Order ("Petition") and respectfully show the Court as follows:

### General Denial

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny and demand proof of all allegations in Plaintiff's Petition.

### Affirmative Defenses and Additional Pleadings

2.      Defendants assert that Plaintiff's claims are barred by the statute of frauds.

3.      Defendants assert that Plaintiff's claims are barred in whole or in part by Plaintiff's prior breach of contract.

4.      Defendants assert that Plaintiff has not completed all conditions precedent to recovery.

---

DEFENDANTS' ORIGINAL ANSWER

Exhibit C-5
Page 40 of 53

348-274854-14

5.    Defendants assert that Plaintiff's own acts or omissions caused or contributed to Plaintiff's injury. Thus, Plaintiff's damages are subject to the Texas Proportionate Responsibility statutes as codified in Chapter 33 of the Texas Civil Practice and Remedies Code.

6.    Defendants assert that Plaintiff's claims are barred by estoppel, release, ratification, and/or waiver.

7.    Defendants assert that Plaintiff has failed to mitigate his damages.

8.    Defendants assert there is no duty to provide Plaintiff with a loan modification and there is no private cause of action for such.

9.    Defendants assert that Plaintiff lacks standing to challenge any assignments of the Loan.

10.    Defendants assert that Plaintiff fails to state a claim upon which relief may be granted.

11.    Defendants assert that some or all of Plaintiff's claims are barred by the statute of limitations.

12.    Defendants assert that Plaintiff's claims are barred by the doctrine of unclean hands.

13.    Defendants assert that any damages incurred by Plaintiff should be offset by the amounts owed to Defendants.

14.    Defendants assert that Plaintiff has acknowledged the debt.

15.    Defendants assert the affirmative defense of bona fide error under the Texas Debt Collection Practices Act.

348-274854-14

### Prayer

Defendants request judgment that Plaintiff takes nothing by this action, and that the Defendants recover costs of court and all other relief to which they may be entitled.

Respectfully submitted,

*/s/ Jeremy J. Overbey*
J. Garth Fennegan
Texas Bar I.D. 24004642
*gfennegan@settlepou.com*
Jeremy J. Overbey
Texas Bar I.D.  24046570
*joverbey@settlepou.com*
Jason M. Brown
Texas Bar I.D 24087220
*jbrown@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas  75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR DEFENDANTS

---

DEFENDANTS' ORIGINAL ANSWER                                                      Page 3 of 4

348-274854-14

## Certificate of Service

I certify that this document was served in accordance with the Texas Rules of Civil Procedure on March 30, 2015, by the manner indicated upon the following persons:

Via CM/RRR No. 7196 9008 9111 8277 6013
D. Kimberli Wallace
9500 Ray White Rd., Suite 200
Fort Worth, Texas 76244
(817) 745-4581
(817) 953-7000
kwallace@kwlawfirm.net

/s/ Jeremy J. Overbey
Jeremy J. Overbey

---

# Tarrant Appraisal District

## Real Estate

03/31/2015

| | |
|---|---|
| **Account Number:** | 40785971 |
| **Georeference:** | 19077-D-24 |
| **Property Location:** | 8036 CALADIUM DR, NORTH RICHLAND HILLS, 76180 |

**Owner Information:** MORALES JOHN D
8036 CALADIUM DR
NORTH RICHLAND HILLS TX 76180-4748

**5 Prior Owners**

**Legal Description:** HOME TOWN NRH WEST
Block: D Lot: 24

**Taxing Jurisdictions:** 018 CITY OF N RICHLAND HILLS
220 TARRANT COUNTY
902 BIRDVILLE ISD
224 TARRANT COUNTY HOSPITAL
225 TARRANT COUNTY COLLEGE

*This information is intended for reference only and is subject to change. It may not accurately reflect the complete status of the account as actually carried in TAD's database.*

### Certified Values for Tax Year 2014

| | Land | Impr | 2014 Total †† |
|---|---|---|---|
| **Market Value** | $40,000 | $119,100 | $159,100 |
| **Appraised Value †** | $40,000 | $119,100 | $159,100 |
| **Approximate Size †††** | | | 1,372 |
| **Land Acres** | | | 0.0468 |
| **Land SqFt** | | | 0 |

† Appraised value may be less than market value due to state-mandated limitations on value increases
†† A zero value indicates that the property record has not yet been completed for the indicated tax year
††† Rounded

### 5-Year Value History

| Tax Year | Appraised Land | Appraised Impr | Appraised Total | Market Land | Market Impr | Market Total |
|---|---|---|---|---|---|---|
| 2013 | $40,000 | $107,600 | $147,600 | $40,000 | $107,600 | $147,600 |
| 2012 | $40,000 | $106,200 | $146,200 | $40,000 | $106,200 | $146,200 |
| 2011 | $40,000 | $106,200 | $146,200 | $40,000 | $106,200 | $146,200 |
| 2010 | $40,000 | $106,300 | $146,300 | $40,000 | $106,300 | $146,300 |
| 2009 | $40,000 | $114,400 | $154,400 | $40,000 | $114,400 | $154,400 |

**2015 Notice Sent:**

**Protest Deadline:**

**Exemptions:**

**Property Data:**

| | | | |
|---|---|---|---|
| **Deed Date:** | 10/01/2012 | | |
| **Deed Page:** | 0000000 | | |
| **Deed Volume:** | 0000000 | | |
| **Instrument:** | D212261296 | **State Code:** | A Residential SingleFamily |
| | | **Garage Bays:** | 2 |
| **Year Built:** | 2005 | **Central Air:** | Y |
| **Pct Complete:** | 1.00 | **Central Heat:** | Y |
| **TAD Map:** | 2084-432 | **Pool:** | N |
| **MAPSCO:** | TAR-038X | | |
| **Agent:** | | | |

# Tarrant Appraisal District

## Real Estate

### 03/31/2015

| | |
|---|---|
| Account Number: | 40785971 |
| Georeference: | 19077-D-24 |
| Property Location: | 8036 CALADIUM DR, NORTH RICHLAND HILLS, 76180 |

Owner Information:  MORALES JOHN D
8036 CALADIUM DR
NORTH RICHLAND HILLS TX 76180-4748

**5 Prior Owners**

Legal Description:  HOME TOWN NRH WEST
Block: D Lot: 24

Taxing Jurisdictions:  018 CITY OF N RICHLAND HILLS
220 TARRANT COUNTY
902 BIRDVILLE ISD
224 TARRANT COUNTY HOSPITAL
225 TARRANT COUNTY COLLEGE

*This information is intended for reference only and is subject to change. It may not accurately reflect the complete status of the account as actually carried in TAD's database*

### Certified Values for Tax Year 2014

| | Land | Impr | 2014 Total †† |
|---|---|---|---|
| Market Value | $40,000 | $119,100 | $159,100 |
| Appraised Value † | $40,000 | $119,100 | $159,100 |
| Approximate Size ††† | | | 1,372 |
| Land Acres | | | 0.0468 |
| Land SqFt | | | 0 |

† Appraised value may be less than market value due to state-mandated limitations on value increases
†† A zero value indicates that the property record has not yet been completed for the indicated tax year
††† Rounded

### 5-Year Value History

| Tax Year | Appraised Land | Appraised Impr | Appraised Total | Market Land | Market Impr | Market Total |
|---|---|---|---|---|---|---|
| 2013 | $40,000 | $107,600 | $147,600 | $40,000 | $107,600 | $147,600 |
| 2012 | $40,000 | $106,200 | $146,200 | $40,000 | $106,200 | $146,200 |
| 2011 | $40,000 | $106,200 | $146,200 | $40,000 | $106,200 | $146,200 |
| 2010 | $40,000 | $106,300 | $146,300 | $40,000 | $106,300 | $146,300 |
| 2009 | $40,000 | $114,400 | $154,400 | $40,000 | $114,400 | $154,400 |

### 2015 Notice Sent:

### Protest Deadline:

**Exemptions:**

**Property Data:**

| | | | | |
|---|---|---|---|---|
| Deed Date: | 10/01/2012 | | | |
| Deed Page: | 0000000 | | | |
| Deed Volume: | 0000000 | | | |
| Instrument: | D212261296 | | State Code: | A Residential SingleFamily |
| | | | Garage Bays: | 2 |
| Year Built: | 2005 | | Central Air: | Y |
| Pct Complete: | 1.00 | | Central Heat: | Y |
| TAD Map: | 2084-432 | | Pool: | N |
| MAPSCO: | TAR-038X | | | |
| Agent: | | | | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN D. MORALES, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| QUEENS PARK OVAL ASSET HOLDING | § | |
| TRUST and ROUNDPOINT MORTGAGE | § | |
| SERVICING CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## CERTIFICATE OF INTERESTED PERSONS AND
## RULE 7.1 DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Northern District of

Texas Local Rule 7.4, Defendant, RoundPoint Mortgage Servicing Corporation

("RoundPoint"), identifies the following persons and entities that are financially interested in

the outcome of this litigation:

1.    John D. Morales, Plaintiff

       Attorney of Record
       D. Kimberli Wallace
       9500 Ray White Rd., Suite 200
       Fort Worth, Texas 76244
       (817) 745-4581
       (817) 953-7000
       kwallace@kwlawfirm.net

2.    Queens Park Oval Asset Holding Trust, Defendant

       Attorneys of Record
       J. Garth Fennegan
       Texas Bar I.D. 24004642
       *gfennegan@settlepou.com*
       Jeremy J. Overbey
       Texas Bar I.D.  24046570
       *joverbey@settlepou.com*

**Exhibit No. E**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN D. MORALES, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| QUEENS PARK OVAL ASSET HOLDING | § | |
| TRUST and ROUNDPOINT MORTGAGE | § | |
| SERVICING CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**CERTIFICATE OF INTERESTED PERSONS AND
RULE 7.1 DISCLOSURE STATEMENT**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Northern District of

Texas Local Rule 7.4, Defendant, RoundPoint Mortgage Servicing Corporation

("RoundPoint"), identifies the following persons and entities that are financially interested in

the outcome of this litigation:

1.     John D. Morales, Plaintiff

       Attorney of Record
       D. Kimberli Wallace
       9500 Ray White Rd., Suite 200
       Fort Worth, Texas 76244
       (817) 745-4581
       (817) 953-7000
       kwallace@kwlawfirm.net

2.     Queens Park Oval Asset Holding Trust, Defendant

       Attorneys of Record
       J. Garth Fennegan
       Texas Bar I.D. 24004642
       *gfennegan@settlepou.com*
       Jeremy J. Overbey
       Texas Bar I.D.  24046570
       *joverbey@settlepou.com*

**Exhibit No. E**

Jason M. Brown
Texas Bar I.D 24087220
*jbrown@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

Queens Park Oval Asset Holding Trust ("Queens Park") is a Delaware Statutory Trust. It has no parent and no corporation owns 10% or more of any of its stock.  Queens Park's trustee is U.S. Bank National Trust Association.

3.     RoundPoint Mortgage Servicing Corporation, Defendant

<u>Attorneys of Record</u>
J. Garth Fennegan
Texas Bar I.D. 24004642
*gfennegan@settlepou.com*
Jeremy J. Overbey
Texas Bar I.D.  24046570
*joverbey@settlepou.com*
Jason M. Brown
Texas Bar I.D 24087220
*jbrown@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

RoundPoint Mortgage Servicing Corporation is a wholly-owned subsidiary of RoundPoint Financial Group, with no publicly held entity owning more than 10% of RoundPoint.

Jason M. Brown
Texas Bar I.D 24087220
*jbrown@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

Queens Park Oval Asset Holding Trust ("Queens Park") is a Delaware Statutory Trust. It has no parent and no corporation owns 10% or more of any of its stock.  Queens Park's trustee is U.S. Bank National Trust Association.

3.      RoundPoint Mortgage Servicing Corporation, Defendant

Attorneys of Record
J. Garth Fennegan
Texas Bar I.D. 24004642
*gfennegan@settlepou.com*
Jeremy J. Overbey
Texas Bar I.D.  24046570
*joverbey@settlepou.com*
Jason M. Brown
Texas Bar I.D 24087220
*jbrown@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

RoundPoint Mortgage Servicing Corporation is a wholly-owned subsidiary of RoundPoint Financial Group, with no publicly held entity owning more than 10% of RoundPoint.

Respectfully Submitted,


/s/ Jeremy J. Overbey
J. Garth Fennegan
Texas Bar I.D. 24004642
*gfennegan@settlepou.com*
Jeremy J. Overbey
Texas Bar I.D.  24046570
*joverbey@settlepou.com*
Jason M. Brown
Texas Bar I.D 24087220
*jbrown@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas  75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR DEFENDANTS

Respectfully Submitted,


/s/ Jeremy J. Overbey _____
J. Garth Fennegan
Texas Bar I.D. 24004642
*gfennegan@settlepou.com*
Jeremy J. Overbey
Texas Bar I.D.  24046570
*joverbey@settlepou.com*
Jason M. Brown
Texas Bar I.D 24087220
*jbrown@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas  75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR DEFENDANTS

## Certificate of Service

I certify that this document was served in accordance with the Texas Rules of Civil Procedure on April ___, 2015, by the manner indicated upon the following persons:

Via CM/RRR No.
D. Kimberli Wallace
9500 Ray White Rd., Suite 200
Fort Worth, Texas 76244
(817) 745-4581
(817) 953-7000
kwallace@kwlawfirm.net

/s/ Jeremy J. Overbey
Jeremy J. Overbey

## Certificate of Service

I certify that this document was served in accordance with the Texas Rules of Civil Procedure on April ___, 2015, by the manner indicated upon the following persons:

<u>Via CM/RRR No.</u>
D. Kimberli Wallace
9500 Ray White Rd., Suite 200
Fort Worth, Texas 76244
(817) 745-4581
(817) 953-7000
kwallace@kwlawfirm.net

/s/ Jeremy J. Overbey
Jeremy J. Overbey