ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 2 2 2015
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISON

| | | |
|---|---|---|
| JOHN D. MORALES | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:15-CV-00276-A |
| QUEENS PARK OVAL ASSET HOLDING TRUST AND ROUNDPOINT MORTGAGE SERVICING CORPORATION | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, John D. Morales, who files this First Amended Complaint in the interest of justice and fairness, and for causes of action and violations complained of as stated herein.

### DISCOVERY CONTROL PLAN LEVEL

1.      Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery in this case under Level 3.

### PARTIES AND SERVICE

2.      Plaintiff, John D. Morales is an individual who owns real property at 8036 Caladium Dr., North Richland Hills, TX 76180. John D. Morales is hereinafter referred to as he, him or "Plaintiff".

3.   Defendant, QUEENS PARK OVAL ASSET HOLDING TRUST ("Queens"), is a foreign entity, has appeared and is before the court for all purposes and may be served according to the Federal Rules through the Court Clerk's electronic filing system.

4.   Defendant, ROUNDPOINT MORTGAGE SERVICING CORPORATION ("RoundPoint"), is a foreign entity, has appeared and is before the court for all purposes and may be served according to the Federal Rules through the Court Clerk's electronic filing system.

## JURISDICTION AND VENUE

5.   The subject matter in controversy is within the jurisdictional limits of this Court. This case was originally filed in the 348th Judicial District Court for Tarrant County, Texas on October 3, 2014. Defendants subsequently removed the above captioned action on diversity grounds to the U.S. District Court Northern District of Texas – Fort Worth Division.

## FACTS

6.   Plaintiff is the current record owner of the property located at 8036 Caladium Drive, North Richland Hills, TX 76180 and more accurately described as:

LOT 24, BLOCK D OF HOME TOWN NRH WEST-PHASE 3, AN ADDITION, TO THE CITY OF NORTH RICHLAND HILLS, TARRANT COUNTY, TEXAS ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET A, SLIDE 10054 OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS (the "**Property**").

7.   Plaintiff signed a Promissory Note in order to purchase the Property on or about March 27, 2008 for the amount of One Hundred Forty Eight Thousand Eighty and

no/Dollars ($148,080.00). The copies of at least one such Promissory Note show Cendera Funding, Inc. as the original mortgagee ("**Original Mortgagee**").

8. The Note is secured by that certain Deed of Trust dated of same date, executed by Plaintiff and delivered to Thomas F. Vetters, as Trustee ("Deed of Trust") on behalf of Original Mortgagee.

9. Queens Park subsequently became the owner of the Deed of Trust and RoundPoint later became the servicer of Plaintiff's loan.

10. Plaintiff was in the process of obtaining a loan modification from an entity by the name of Flagstar Bank in early 2013. While this loan modification was in process, Plaintiff was informed that the Deed of Trust had been assigned to Queens Park and that RoundPoint Mortgage would be the servicer of Plaintiff's loan. So Plaintiff then had to start the loan modification process all over again in May of 2014 with RoundPoint.

11. On or about May 15, 2014, Plaintiff applied for a loan modification from RoundPoint and gave all the information that was requested of him at that time.

12. Plaintiff would call RoundPoint to request a status of his loan modification review and was told by RoundPoint that such was in review.

13. Many months passed and Plaintiff has never received a denial or an approval of the loan modification, however, Queens Park posted the Property for a foreclosure sale and intended on selling the Property while the loan modification was under review.

14. Plaintiff has the funds to make monthly payments but was told not to submit funds since the loan modification was in review. This modification review was still in underwriting when Queens Park posted Plaintiff's Property for foreclosure.

## VIOLATION OF 12 CFR SECTION 1024.41

15. Plaintiff incorporates by reference the allegations set forth above, as if the same were fully set forth herein.

16. Section 1024.41 of 12 CFR requires a servicer in receipt of a loss mitigation application within 45 days or more before a foreclosure sale to review the application to determine if it is complete. 12 CFR Section 1024.41(b)(2)(A). The Servicer must then notify the borrower within 5 days of receiving the loss mitigation application that the servicer acknowledges receipt of the application and that the servicer has determined that the application is either complete or incomplete. 12 CFR 1024.41(b)(2)(B). If the application is incomplete, the servicer must identify the additional documents and information needed. 12 CFR 1024.41(b)(2)(B). The Servicer must then provide the borrower within 30 days of receipt of the application with written notice stating the servicer's determination as to which loss mitigation option is available to the borrower. 12 CFR 1024.41(c)(1)(ii). Further, if the borrower had applied for a loan modification and the servicer denies the request, the servicer must include in the notice describer by 12 CFR Section 1024.41(c)(1)(ii) the specific reason or reasons for the servicer's determination. 12 CFR Section 1024.41(d). Finally loan modifications denials are appealable. 12 CFR Section 1024.41(h).

17. Plaintiff submitted a loan modification application with RoundPoint, which is a loss mitigation application as understood by 12 CFR Section 1024.41(b). Yet RoundPoint has failed to complete with 12 CFR Section 1024.41 and has specifically failed to give Plaintiff the notice required by 12 CFR Section 1024.41(c)(1)(ii). Consequently, Queens Park does not have the authority to execute any foreclosure sale against Plaintiff's Property until it has satisfied the requirements of 12 CFR Section 1024.41.

18. The provisions of 12 CFR Section 1024.41 are not merely a defense to foreclosure but are actionable under 12 USC 2605(f), which in turn allows for the recovery of actual damages, court costs, statutory damages of up to $2000, and attorney fees.

## AGENCY AND RESPONDEAT SUPERIOR

19. Whenever in this petition it is alleged that Defendants, did, or failed to do, any act, thing and/or omission, it is meant that Defendants or their agents, officers, servants, employees, vice principals, or representatives either did or failed to do such act, thing and/or omission, and it was done with the full authorization or ratification of Defendants, and/or done in the normal routine, course and scope of the agency or employment of Defendants or its agents, officers, servants, employees, vice principals, or representatives and/or with actual and/or apparent authority of Defendants.

## REQUEST FOR DISCLOSURE

20. This Petition includes Plaintiff's Request for Disclosure to the named Defendants. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are

requested to disclose, within 50 days of service of this request, the information or material described in rules 194.2(a)-(l).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that upon a final trial, the Court:

a. Award judgment in favor of Plaintiff for statutory damages, and compensatory damages as allowed by law;

b. Award Plaintiff exemplary damages as allowed by law;

c. Award Plaintiff pre-judgment and post-judgment interest as allows by law;

d. Award Plaintiff his reasonable and necessary attorney fees and costs; and

e. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

D. Kimberli Wallace
Texas Bar No. 00792901
D. KIMBERLI WALLACE, PLLC
9500 Ray White Rd., Suite 200
Fort Worth, Texas 76244
Tel. (817) 745-4581
Fax (817) 953-7000
Email: kwallace@kwlawfirm.net
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically submitted with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court and that a true and correct copy of the foregoing document was served upon the following via electronic mail and/or ECF and/or facsimile and/or certified mail, return receipt requested pursuant to the Federal Rules of Civil Procedure on this 22nd day of May 2015 to:

J. Garth Fennegan
Jason Michael Brown
Jeremy Jason Overbey
SettlePou
3333 Lee Parkway
8th Floor
Dallas, TX 75219
Attorneys for Queens Park Ova Asset Holding Trust
and Roundpoint Mortgage Servicing Corporation

Respectfully submitted,

_/s/ D. Kimberli Wallace_
D. Kimberli Wallace
Attorney for Plaintiff