

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN D. MORALES, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:15-CV-00276 |
| QUEENS PARK OVAL ASSET HOLDING | § | |
| TRUST and ROUNDPOINT MORTGAGE | § | |
| SERVICING CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' FIRST AMENDED ANSWER

Defendants, Queens Park Oval Asset Holding Trust ("Queens Park") and RoundPoint Mortgage Servicing Corporation ("RoundPoint") (collectively, "Defendants"), file this First Amended Answer, and respectfully shows the Court as follows:

1. In response to paragraph 1, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

2. In response to paragraph 2, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

3. Defendants admit the allegations contained in paragraph 3.

4. Defendants admit the allegations contained in paragraph 4.

5. Defendants admit the allegations contained in paragraph 5.

6. In response to paragraph 6, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

7. Defendants admit the allegations contained in paragraph 7.

8. Defendants admit the allegations contained in paragraph 8.

9. Defendants admit the allegations contained in paragraph 9.

10. In response to paragraph 10, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

11. In response to paragraph 11, Defendants deny that Plaintiff gave Defendants all the information that was requested of him to fully evaluate any loan modification applications.

12. As a result of vague nature of paragraph 12, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein. Specifically, Plaintiff's allegations do not identify when his alleged calls to RoundPoint were made nor do they state the persons with whom he spoke.

13. In response to paragraph 13, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations concerning Plaintiff's receipt of an acceptance or denial. Defendants admit posting the property for foreclosure.

14. Defendants deny the allegation contained paragraph 14 that Plaintiff was told not to submit funds while the loan modification was pending. Notably, loss mitigation solicitation documents submitted to Plaintiff specifically state that Plaintiff was obligated to make all mortgage payments as they came due during the loss mitigation process.

15. In response to paragraph 15, Defendants lack sufficient knowledge or information to form a belief as to the truth of the statements contained therein and further restates and incorporates its responses to paragraphs 1-14 as if fully set forth herein.

16. In response to paragraph 16, Defendants are not required to admit or deny the statements contained therein, as such statements are propositions of law or purported legal conclusion.

17. In response to paragraph 17, Defendants deny the allegations contained therein. To the extent paragraph 17 alleges propositions of law or purported legal conclusions, Defendants are not required to admit or deny the same.

18. In response to paragraph 18, Defendants are not required to admit or deny the statements contained therein, as such statements are propositions of law or purported legal conclusion.

19. In response to paragraph 19, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

20. In response to paragraph 20, Defendants deny that they are required to comply with discovery requests sent pursuant to the Texas Rules of Civil Procedure in a matter that is pending before a U.S. District Court.

21. In response to the final "Prayer" paragraph, Defendants deny that Plaintiff is entitled to any of the relief requested.

### Defenses and Affirmative Defense

22. Defendants plead Plaintiff's failure to perform/breach of contract as a defense.

23. Defendants assert that Plaintiff has acknowledged the subject debt.

24. Defendants assert that Plaintiff's or other Parties' contributory/comparative negligence caused or contributed to the harm for which she has sued. Defendants request that responsibility be compared between the Parties for damages at issue and that Defendants be absolved of paying any recovery, or alternatively, any recovery from Defendants should be reduced proportionately.

25. Defendants are not liable for the acts, omissions, or conduct of its agents who exceeded the scope of their authority.

26. Defendants actions or omissions were undertaken in good faith, with the absence of intent to cause disruption of Plaintiff's daily life.

27. Defendants assert that any allegedly wrongful acts or omissions, if and to the extent such acts and omissions occurred, were legally excused or justified.

28. Defendants are not liable to Plaintiff because Plaintiff complains about a matter that involved transaction governed by the terms of a valid express contract.

29. Defendants assert that Plaintiff's claims are barred by the statute of frauds.

30. Defendants assert that Plaintiff has failed to satisfy all conditions precedent to recovery.

31. Defendants assert that Plaintiff has breached the terms of the loan or any other agreement at issue.

32. Defendants assert that Plaintiff's claims are barred by the doctrine of unclean hands.

33. Defendants assert that Plaintiff has failed to mitigate her damages.

34. Defendants assert that any damages allegedly incurred by Plaintiff should be offset by amounts owed to Defendants.

35. Defendants assert that Plaintiff's claims are barred by the doctrines of estoppel, release, and/or waiver.

36. Defendants assert Plaintiff's claims are barred by the applicable statute of limitations.

37. Defendants assert that Plaintiff has failed to assert a claim upon which relief may be granted.

38. Defendants assert that Plaintiff's tort claims are barred by the economic loss

doctrine.

## Relief Requested

Defendants respectfully request that Plaintiff takes nothing by this action and that Defendants recover all costs incurred in this action, together with all relief to which Defendants entitled.

Respectfully submitted,

_____
J. Garth Fennegan
Texas Bar I.D. 24004642
*gfennegan@settlepou.com*
Jeremy J. Overbey
Texas Bar I.D. 24046570
*joverbey@settlepou.com*
Jason M. Brown
Texas Bar I.D 24087220
*jbrown@settlepou.com*

**SettlePou**
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR DEFENDANTS

## Certificate of Service

I certify that this document was served in accordance with the Federal Rules of Civil Procedure on June 4, 2015, by the manner indicated upon the following persons:

<u>Via CM/RRR No. 9414 7266 9904 2014 5272 57</u>

D. Kimberli Wallace
9500 Ray White Rd., Suite 200
Fort Worth, Texas 76244
(817) 745-4581
(817) 953-7000
kwallace@kwlawfirm.net

_____
Jeremy J. Overbey